# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**          **PLAINTIFF**

**V.**                                                      **CIVIL NO. 1:10CV184-SA-JAD**

**ERIC PLUNKETT, ET AL**                                    **DEFENDANTS**

## MEMORANDUM OPINION

This dispute arises from an automobile accident occurring on April 8, 2006, in Monroe County, Mississippi between a vehicle driven by Tory Plunkett and a vehicle driven by Tyler Gray. Both drivers died in the collision, and Defendant Eric Plunkett, a passenger, was injured. At issue before the Court is Defendant Eric Plunkett's *second* attempt to obtain benefits under a State Farm liability policy. That is, this case has already been brought and, for the most part, litigated in both the Northern District of Mississippi and the Fifth Circuit Court of Appeals.

On August 6, 2007, Eric Plunkett filed suit in the Northern District of Mississippi before Chief Judge Mills against State Farm seeking to obtain liability benefits based on the alleged negligence of Tyler Gray.[1] As a defense, State Farm raised two separate reasons as to why coverage for Gray did not exist under the policy: (1) State Farm alleged that Gray did not qualify as an "insured" under the policy, and (2) that, even if Gray qualified as an insured, the automobile driven by Gray did not meet the definition of a "non-owned vehicle" for purposes of coverage. On January 8, 2009, Plaintiff Eric Plunkett filed a Motion for Summary Judgment [23] and, on January 12, 2009, Defendant State Farm filed a Cross Motion for Summary Judgment [28]. The issues presented to the district court in the summary judgment motions

---

[1] See Eric Plunkett v. State Farm Mutual Automobile Insurance Company, Case No. 1:07cv185.

1

concerned both whether Gray qualified as an "insured" and whether the automobile driven by Gray was a "non-owned vehicle" as that term is defined in the policy.

On April 13, 2009, Chief Judge Mills issued an Order [35] denying the Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment.[2] The court found that Gray did not qualify as an "insured" under the subject policy. Given this determination, the court did not address the second issue (i.e., the issue concerning the definition of "non-owned vehicle"), as the court's conclusion as to issue one was determinative of the suit. As to issue one, the court noted in its opinion that "there exists sufficient doubt in this regard that the Fifth Circuit may deem it advisable to certify the questions raised in this case to the Mississippi Supreme Court for a definitive resolution." The court, in a footnote, then stated:

> It will be unnecessary for the Fifth Circuit to certify this issue to the Mississippi Supreme Court if it accepts the alternative argument raised in State Farm's brief that the car driven by [Gray] did not qualify as a "non-owned vehicle" within the meaning of the State Farm policy. State Farm cites no authority in support of its arguments in this regard, and this court is therefore reluctant to decide the case on this basis.

As such, the court, while fully aware that issue number two was before it, explicitly noted that it was not adjudicating whether the automobile driven qualified as a "non-owned vehicle."

On April 30, 2009, Plaintiff Eric Plunkett appealed the district court's grant of summary judgment in favor of State Farm. On December 4, 2009, the Fifth Circuit Court of Appeals "reversed" the district court's determination and "rendered" judgment in favor of Plaintiff Eric Plunkett. Specifically, the Fifth Circuit held that, under Mississippi state law, Tyler Gray was "an 'insured' under the policy."[3] The Fifth Circuit never once addressed the second issue – the

---

[2] See Plunkett v. State Farm Mut. Auto. Ins. Co., 625 F. Supp. 2d 321 (N.D. Miss. 2009), *overruled by* 347 F. App'x 994 (5th Cir. 2009).

[3] The Fifth Circuit found that Mississippi law was clear on the issue and there was no need to certify the question.

issue of whether the automobile driven by Gray qualified as a "non-owned vehicle." In fact, the term "non-owned vehicle" does not appear *anywhere* in the Fifth Circuit's decision. See Plunkett v. State Farm Mut. Auto. Ins. Co., 347 F. App'x 994 (5th Cir. 2009).[4] Defendant State Farm then filed a petition for rehearing on the Fifth Circuit's Order, which was denied on November 20, 2009.

On June 25, 2010, Plaintiff Eric Plunkett filed a Motion to Enforce Judgment [42] in the district court, arguing that State Farm had no reasonable justification to not pay under the policy since the Fifth Circuit found Gray to qualify as an insured. State Farm responded in opposition [43] to Plunkett's motion to enforce the judgment. State Farm argued that, while the Fifth Circuit rendered judgment that Gray qualified as an insured, neither the district court nor the Fifth Circuit addressed State Farm's second defense concerning whether the automobile driven by Gray qualified as a "non-owned vehicle" under the policy. State Farm specifically made clear to the district court that its position was that "the qualification of the vehicle is a question that remains undetermined." Prior to Judge Mills ruling on Plaintiff's motion to enforce the judgment, State Farm filed – in this Court – a *second* declaratory judgment in order to determine the status of the vehicle driven – which was the exact same issue it had already briefed in the district court before Chief Judge Mills. That is, State Farm filed suit in this Court on July 26, 2010, while Plaintiff's motion was pending before Judge Mills.

On November 23, 2010, Judge Mills entered an Order [44] denying Plaintiff's motion to enforce judgment. However, the court also declined to address the second issue concerning the

---

[4] The Court notes that while the Fifth Circuit used the word "rendered" in its opinion, this does not necessarily mean that the Fifth Circuit "rendered" judgment as to *all* the issues in the case. Instead, the Fifth Circuit appears to have "rendered" judgment as to the "insured" issue, the single only issue before the court (i.e., the Fifth Circuit did not "remand" to the district court for further litigation on the issue of whether Gray qualifies as an insured under the policy).

3

"non-owned vehicle" language in the policy. Plaintiff Eric Plunkett did not appeal Chief Judge Mills' order denying his motion to enforce judgment. Similarly, State Farm did not appeal the court's refusal to address the second issue – the very issue State Farm had already briefed in summary judgment motions prior to the case being appealed. Instead, as noted, State Farm had already filed another lawsuit in this Court against Eric Plunkett concerning the issue of the "non-owned vehicle" policy language that was not addressed in the Fifth Circuit, and subsequently has yet to be addressed in the district court. Thus, presently pending before this Court is Plaintiff State Farm's Motion for Summary Judgment [10], and Defendant Eric Plunkett's Cross Motions for Summary Judgment [12], [16]. After determining that this action should proceed in the court in which it was originally filed and litigated, the Court declines to address the merits of State Farm's allegation that coverage does not exist because Tyler Gray's automobile does not qualify as a "non-owned vehicle."

As noted, State Farm filed suit in this Court in July 2010, while litigation *on this exact issue* was ongoing before another judge in this district. Given this, the Court declines to hear this case based on the prudential, discretionary rule referred to as "priority of jurisdiction" or the "first-to-file" rule. Such a rule applies when opposing parties have filed separate lawsuits concerning the same core facts. In such instances, the district court in which the *later* action was filed – i.e., this Court – may dismiss, stay, or *transfer* the suit in order to avoid duplicative litigation. See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728-31 (5th Cir. 1985). The first-to-file rule is grounded in principles of comity and sound judicial administration. Id. Its concern is to eliminate wasteful duplicative litigation, to avoid rulings that may trench upon a sister court's authority, and to avoid piecemeal resolution of issues calling for a uniform result. Id. The Fifth Circuit has stated that this concern applies where related cases are before

two judges in the same district. See id. As Judge Biggers noted in Fat Possum Records, Ltd. v. Capricorn Records, Inc., 909 F. Supp. 442, 445 (N.D. Miss. 1995), "in the absence of compelling circumstances which warrant keeping the action in the second filed forum, courts should exercise their discretion to defer to the court in which the action was initially filed." "The first-to-file rule is a discretionary doctrine . . . , the application of which [is] normally view[ed] for abuse of that discretion." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999).

Here, State Farm filed this action while Eric Plunkett's original cause of action was pending before Chief Judge Mills. Further, State Farm has already briefed this exact issue in summary judgment motions and further pressed the issue in its response to Plunkett's enforcement motion before that court. Thus, the identical cause of action was filed between the same parties in another court in this district *prior* to this case being filed. Filing suit in one court while the same action is pending before another judge in the same district will inevitably lead to what can be seen as "judge shopping" or "forum shopping." In order to eliminate the risk of such, the Court exercises its discretion and transfers this case to Chief Judge Mills for proper resolution of this cause of action.

If Eric Plunkett believes that res judicata bars this action because the Fifth Circuit "rendered" a judgment on the issue of whether Gray qualified as an "insured" and State Farm failed to brief the issue of whether the automobile qualifies a "non-owned vehicle" on appeal, then he can press that issue in Chief Judge Mills' court; the court in which this case was originally filed. Chief Judge Mills has yet to render a true "final judgment" in this case. That is, the case has not actually been resolved in his court. Accordingly, the Court exercises its discretion and finds that this case should proceed in the court in which it was originally filed.

Specifically, the Court finds that this case should be *transferred* to Chief Judge Mills, the court where this cause of action has already been litigated and is currently ripe for adjudication.

So ordered on this, the __7th__ day of July, 2011.

                                              **/s/   Sharion Aycock**
                                              **UNITED STATES DISTRICT JUDGE**